UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE HUFF (#343234)

VERSUS                                                              CIVIL ACTION

BURL CAIN, ET AL                                       NUMBER 12-788-BAJ-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 29, 2013.

                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE HUFF (#343234)

VERSUS                                                          CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 12-788-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss on Behalf of Defendants. Record document number 12. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Asst. Warden Carl Tim Delaney. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

### I. Factual Allegations

Plaintiff alleged that between December 18, 2011 and April 2, 2012, he was held in administrative segregation in a booth cell located at Camp C Tiger. Plaintiff alleged that the cell has only 20 square feet of usable floor space. Plaintiff alleged that he was confined to the cell 24 hours per day for more than three months. Plaintiff further alleged that he was deprived of all

---

[1] Record document number 13.

exercise, social contact, environmental stimulation, adequate clothing, clean and sanitized eating utensils for each meal, denture adhesive and cleaning materials.

## II. Applicable Law and Analysis

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P.

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows

that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have

known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all.  *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).  If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated.  *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).  The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.  *Id*., at 639, 107 S.Ct. at 3038.  The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal.  Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.  *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

At the time of the alleged incident, a reasonable officer

would have known that the Eighth Amendment prohibits the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976).

**C. Eleventh Amendment Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacities.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between

5

official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by each of them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### D. Declaratory and Injunctive Relief

Defendants moved to dismiss the plaintiff's claims for declaratory and injunctive relief on the grounds that the plaintiff lacks standing to seek a declaratory judgment or injunctive relief. Specifically, the defendants argued that there is no actual case or controversy for purposes of declaratory or injunctive relief. Defendants relied on the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660 (1983). Defendants

argued that the plaintiff failed to allege that he will be subject to the specific injury for which he seeks declaratory and injunctive relief. Defendants argument has merit.

In *Lyons*, the Supreme Court held that Lyons, suing as a individual plaintiff, had no standing to sue for injunctive relief to stop the Los Angeles police department's practice of chokeholding. Lyons had no standing because "'(p)ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Id.*, at 102, 103 S.Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 675-76 (1974)). To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). Similar reasoning has been applied to suits for declaratory judgments. *Ashcroft v. Mattis*, 431 U.S. 171, 97 S.Ct. 1739 (1977)(for a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts).

Plaintiff did not seek any specific injunctive relief nor did he allege any facts to support a finding that he suffers a continuing harm as a result of the defendants' actions or a real and immediate threat of repeated injury in the future. Plaintiff alleged that he was exposed to the alleged unconstitutional

conditions of confinement more than a year ago, and he did not allege any facts to suggest that there is a real or immediate threat of repeated injury in the future. As a result, the plaintiff does not have standing to obtain the declaratory and prospective injunctive relief he sought.

### E. 42 U.S.C. § 1997e(e)

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries. Although § 1997e(e) prohibits the plaintiff from recovering compensatory damages, it does not bar his ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Of course, the

plaintiff must prove a deprivation of a constitutional right to obtain relief in the form of nominal damages.

**F. Conditions of Confinement**

Plaintiff alleged that for approximately 3½ months, he was confined to a cell which had only 20 square feet of clear floor space, and that was denied all exercise, social contact, environmental stimulation, adequate clothing, sanitized eating utensils and denture adhesive.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, *supra*. Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[2]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure," the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

single human need exists. *Id.*

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

It is well settled that "the Constitution does not mandate comfortable prisons," and that prison conditions may be "restrictive and even harsh" without running afoul of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349, 101 S.Ct. 2392 (1981); *see also id*. at 347, 101 S.Ct. 2392 (noting that such conditions are "part of the penalty that criminal offenders pay for their offenses against society"). Nonetheless, conditions may not be "grossly disproportionate to the severity of the crime warranting imprisonment." *Id*. The Supreme Court has defined a "sufficiently serious" deprivation under the Eighth Amendment as the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Rhodes*, 452 U.S. at 347, 101 S.Ct. 2392).

Plaintiff failed to allege that he was deprived of a single

identifiable human need. Moreover, he failed to allege that he was subjected to a substantial risk of serious harm. Accepting the plaintiff's allegations as true, the allegations are insufficient to state a claim upon which relief can be granted.

### F. Supervisory Liability

Plaintiff named Warden Cain and Warden Delaney as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983 a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain and Asst. Warden are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff did not allege any facts regarding a constitutionally deficient policy.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted, and the plaintiff's complaint be dismissed without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 29, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE