UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE HUFF (#343234)  CIVIL ACTION

VERSUS

BURL CAIN, ET AL.  NO.: 12-00788-BAJ-SCR

## RULING AND ORDER

On April 29, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that the Defendants' Motion to Dismiss be granted and that Plaintiff Joe Huff's complaint be dismissed as frivolous, without leave to amend. (Doc. 14.) Plaintiff filed a timely objection to the report on May 15, 2013. (Doc. 15).

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.

In addition, the Court would like to further address Plaintiff's claim that he "has alleged several single identifiable human needs which he was deprived and exposed to" as an "obvious excessive risk of physical and psychological harm." (Doc. 15-1, at 3.) Plaintiff likens his situation to that addressed by the United States Court of Appeals for the Fifth Circuit in another prisoner suit, namely *Palmer v. Johnson*, 193 F.3d 345 (5th Cir. 1999). This Court finds Plaintiff's comparison to be unavailing. In *Palmer*, the Fifth Circuit confronted completely different conditions than those presented here. As noted by the Fifth

Circuit, in *Palmer*, the prisoners had been forced to sleep outside, overnight, in a confined area with no restroom facilities and no shelters, jackets, blankets, or sources of heat. *Id.* at 353. The Fifth Circuit determined that, taken collectively, the totality of the circumstances presented a denial of "minimal civilized measure of life's necessities," and that, therefore, a constitutional deprivation was implicated. *Id.*

Here, Plaintiff's conditions while in administrative lockdown do not rise to the same level of severity, and there is no evidence that Plaintiff was deprived of his most basic human needs. The Court does not take the position that the alleged conditions Plaintiff faced were not harsh. However, Plaintiff's allegations of deprivation do not rise to the standard that is considered actionable as a constitutional violation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 14)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the **Defendant's Motion to Dismiss (Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-frivolous federal claim Plaintiff Joe Huff could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 15th day of November, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

2

Case 3:12-cv-00788-BAJ-SCR   Document 17   11/18/13   Page 2 of 2